**Opinion issued September 14, 2023**



In The

# Court of Appeals

### For The

## First District of Texas

---

### NO. 01-23-00641-CV

---

## IN RE LEO LAPUERTA, M.D., F.A.C.S. AND THE PLASTIC SURGERY INSTITUTE OF SOUTHEAST TEXAS, P.A., Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators, Leo Lapuerta, M.D., F.A.C.S. and The Plastic Surgery Institute of Southeast Texas, P.A. filed a petition for writ of mandamus asserting that the trial court's June 6, 2023 order granting the motion for new trial of real party in interest, Jose Torres, amounted to an abuse of discretion.[1] Relators further assert that the trial

---

[1] The underlying case is *Jose Torres v. Leo Lapuerta, M.D., F.A.C.S. and The Plastic Surgery Institute of Southeast Texas, P.A.*, Cause No. 2018-28993, in 113th District Court of Harris County, Texas, the Honorable Rabeea Sultan Collier presiding.

court's June 6, 2023 order was "deficient on its face . . . for failing to include any explanation of the reasons why [the trial court] granted new trial following the jury's verdict in favor of [relators] and the take-nothing Final Judgment." Relators' mandamus petition requested that this Court grant mandamus relief and "direct [the trial court] to vacate and set aside [its] June 6, 2023 Order Granting [Real Party in Interest's] Motion for New Trial and direct[] [the trial court] to either deny the Motion for New Trial . . . or sign an amended new trial order that comports with Texas law."

In connection with their petition for writ of mandamus, relators filed an "Unopposed Motion for Immediate Temporary Relief." In their motion, relators requested "a temporary stay of all underlying suit proceedings, including the September 18, 2023 trial setting" pending this Court's review of relators' petition for writ of mandamus. On September 1, 2023, the Court granted relators' motion, in part, staying the September 18, 2023 trial setting.

On September 5, 2023, relators filed an "Unopposed Motion for Leave to Amend Petition for Writ of Mandamus." In their motion for leave, relators stated that, after filing the mandamus petition, the trial court entered an "Amended Order Granting [Real Party in Interest's] Motion for New Trial, setting out [the trial court's] reasons for granting new trial." Accordingly, relators acknowledged that

"the relief originally sought by [r]elators in their Petition and Motion for Immediate Temporary Relief is now moot."

As relators acknowledged and as is set forth in their motion for leave, relators have received the relief sought by their mandamus petition, thereby rendering this mandamus proceeding moot. *See In re Campos*, No. 01-21-00247-CV, 2022 WL 3650129, at \*1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, orig. proceeding) (dismissing mandamus petition as moot where relators "received the relief requested in their mandamus petition" pursuant to subsequent trial court action).

Because relators have received the relief requested in their mandamus petition, we lift the stay imposed by our September 1, 2023 order and dismiss the petition for writ of mandamus as moot. We further dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.